IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB MEDINA, *on behalf*
*of* ZERLINA MEDINA, a minor,

    Plaintiff,

v.     Civ. No. 24-767 GBW/KRS

WAL-MART STORES
EAST, INC., *et al.*,

    Defendants.

## ORDER GRANTING MOTION TO REMAND TO STATE COURT

THIS MATTER comes before the Court on Plaintiff's Motion to Remand. *Doc. 5* Having considered the Motion and the attendant briefing (*docs. 11, 12*), the Court GRANTS the Motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings negligence claims against Defendant Wal-Mart Stores East, Inc. ("Defendant") and three unnamed employees for injuries sustained by his minor child, Zerlina Medina. *See doc. 1-1.* Plaintiff alleges that on June 30, 2023, Zerlina was struck by a cleaning machine at the Wal-Mart Supercenter in Carlsbad, New Mexico. *Id.* ¶¶ 10-11. As a result of the collision, Zerlina was taken to the emergency room for treatment. *Id.* ¶ 12. In his Complaint for Negligence, Personal Injuries, Damages, Respondeat Superior, and Premises Liability ("Complaint"), Plaintiff seeks reparation for Zerlina's "personal injuries, damage, and loss including, but not limited to, medical

expenses, loss of ability to enjoy life and participate in hobbies and recreational activities, pain and suffering, discomfort and inconvenience, and other damages, all in an amount not presently determinable but to be proven at trial." *Id*. ¶¶ 16, 22, 29.

Plaintiff initially filed his Complaint on June 14, 2024, in the Fifth Judicial District Court of Eddy County, State of New Mexico. *Doc. 1-1* at 1. On July 30, 2024, Defendant filed a Notice of Removal that invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Doc. 1* ¶¶ 9-17. The Notice of Removal argues that the amount in controversy "may be inferred to exceed" the $75,000 threshold for diversity jurisdiction "based on the nature of Plaintiff's allegations." *Id*. ¶ 12. However, in accordance with NMRA Rule 1-008(A)(3), Plaintiff's Complaint does not allege a specific amount in controversy. *See generally id.*; *see also* NMRA 1-008(A)(3) ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").

On August 19, 2024, Plaintiff filed the instant Motion to Remand (the "Motion") on the basis that the amount in controversy of the underlying action does not exceed the statutory threshold for establishing federal jurisdiction in diversity cases. *See doc. 5*. In the Motion, Plaintiff stipulates that he "does not seek to recover an amount in excess of $75,000." *Id*. ¶ 24. To support his stipulation, Plaintiff attaches evidence from settlement negotiations between him and Defendant which started in May 2024 and ended with the filing of his Complaint in state court. *Doc. 5* ¶ 20; *see doc. 5-2*. Plaintiff

submits this evidence to illustrate that during pre-suit negotiations, he informed Defendant of Zerlina's total medical expenses amounting to $3,885.29 and never demanded an amount exceeding $23,000. *Doc. 5* ¶ 21; *see doc. 5-2*. Defendant filed its response on September 3, 2024. *Doc. 11*. The Motion was fully briefed on September 18, 2024, *doc. 13*, with the filing of Plaintiff's reply, *doc. 12*.

## II.  LEGAL STANDARD

A defendant may remove an action to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. Section 1332(a)(1), a federal district court has subject matter jurisdiction over an action if the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Federal jurisdiction attaches at removal, and "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citations omitted).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). When removing an action to federal court, a defendant's notice of removal must only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff contests the defendant's allegation regarding the amount in controversy, the defendant has the burden to "affirmatively establish[]" that

3

the amount in controversy requirement has been met. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citations omitted); *see also Dart Cherokee*, 574 U.S. at 89. To meet this burden, the defendant must identify jurisdictional facts that would "ma[k]e it possible that $75,000 [is] in play" and must prove those facts by a preponderance of the evidence. *McPhail*, 529 F.3d at 955.

### III. ANALYSIS

In the instant Motion, Plaintiff argues that Defendant has not met its burden to prove jurisdictional facts which show that more than $75,000 is in controversy in the underlying action.[1] *See doc. 5* ¶¶ 12-26. Defendant argues that the requisite amount in controversy can be inferred from the face of the Complaint itself. *See docs. 1, 11*. For the reasons outlined below, the Court agrees with Plaintiff and finds that Defendant has failed to meet its burden to prove jurisdictional facts which show that more than $75,000 is in controversy in the underlying action.

### A. Proving the Amount in Controversy

The Tenth Circuit looks both to allegations in the complaint and to evidence submitted after the complaint in determining whether amount in controversy requirement is met. *See McPhail*, 529 F.3d at 955-56. First, "[a] complaint that presents a

---

[1] Defendant alleges diversity of citizenship between the parties. *Doc. 1* ¶¶ 13-17. Plaintiff makes no argument to the contrary. *See docs. 5, 12*. Since the Court finds that it lacks jurisdiction because the amount in controversy does not exceed $75,000 as is required under 28 U.S.C. § 1332(a)(1), the Court need not adjudicate whether sufficient diversity exists between the parties.

4

combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.* at 955 (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999) (affirming removal based on a complaint for "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework")). While a defendant may refer to "the substance and nature of the injuries and damages described in the pleadings" to meet their burden, *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. Aug. 1, 2001) (citations omitted), "vague and general allegations" may be insufficient grounds for the court to find, "without resorting to speculation," that the amount in controversy has been satisfied, *Hernandez v. Safeco Ins. Co. of Am.*, 2011 WL 13284598, at *4 (D.N.M. Sept. 8, 2011) (finding that allegations of "unspecified 'serious personal injuries'" and a plea for "various types of damages for an unspecified amount of money" were insufficient to meet a removal defendant's burden of proof); *see also Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111-12 (D.N.M. Mar. 13, 2000).

Second, beyond the complaint, courts may look to other evidence to "provide the basis for determining the amount in controversy." *McPhail*, 529 F.3d at 956. For instance, courts may consider a plaintiff's post-removal stipulation when the amount in controversy is ambiguous. *See, e.g., Yanez v. State Farm Fire & Cas. Co.*, 2020 WL 128309, at *3 (D.N.M. Jan. 10, 2020) (citations omitted). While courts may take such a stipulation into account, "a plaintiff cannot defeat subject matter jurisdiction simply by filing a

5

post-removal stipulation to reduce the amount in controversy." *Miranda v. Strike, LLC*, 2017 WL 3172766, at *2 (D.N.M. May 16, 2017) (citing *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 292-93 (1938)).  In addition, courts may also refer to a plaintiff's proposed settlement amount as evidence of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's claim." *McPhail*, 529 F.3d at 956 (citations and quotations omitted).

### B.  Defendant Fails to Meet Burden to Prove the Amount in Controversy

Plaintiff contests Defendant's allegation regarding the amount in controversy. *See doc. 5*.  Thus, the Court must determine whether Defendant met its burden to identify jurisdictional facts that would "ma[k]e it possible that $75,000 is in play" by a preponderance of the evidence.  *McPhail*, 529 F.3d at 955.

The amount in controversy in this case is not facially apparent from the allegations of Plaintiff's Complaint because it does not allege a specific amount in controversy.  *See generally doc. 1-1*.  As noted above, Plaintiff seeks recovery, on behalf of his daughter Zerlina, for "personal injuries, damage, and loss, including but not limited to, medical expenses, loss of ability to enjoy life and participate in hobbies and recreational activities, pain and suffering, discomfort and inconvenience, and other damages" she incurred as a result of Defendant's alleged negligence in allowing a cleaning machine to strike her.  *Id.* ¶ 16, 22, 29.  Plaintiff alleges no other facts relating to the extent or nature of Zerlina's injuries, nor does he allege any other bases for recovery.

*See id.* ¶¶ 9-29.  Although Defendant contends that one could infer a requisite amount in controversy, no allegations in the Complaint make such an inference facially clear.  Plaintiff alleges that Zerlina's injuries warranted a trip to the emergency room but omits any other indication of her injuries' severity.  *Id.*  Unspecified serious physical injury and a plea for various types of damages for an unspecified amount of money do not satisfy Defendant's burden of proof.  *See Hernandez,* 2011 WL 13284598, at *4.  Because it is ambiguous whether the Complaint's allegations would result in a recovery exceeding $75,000, the Court now considers evidence beyond the pleadings to resolve whether Defendant has met its burden.

The evidence beyond the pleadings does not support removal.  Defendant offers no other evidence to support removal outside of the Complaint's allegations and prayers for relief.  *See doc. 11.*  Plaintiff, on the other hand, provides the Court with permissible evidence beyond the pleadings which undermines the basis for removal.  First, Plaintiff stipulates that the amount in controversy is less than $75,000.  *Doc. 5* ¶¶ 15, 24.  Though such a stipulation could not deprive the Court of jurisdiction had it already found that the amount in controversy exceeded the required threshold, it regards the stipulation here as persuasive that the requirement is not met.  Second, Plaintiff presents evidence from pre-suit settlement negotiations that appears to reflect a reasonable estimate of his claim.  *Doc. 5-2.*  During pre-suit negotiations, Plaintiff's highest demand was $23,000, including $3,885.29 for actual medical treatment costs and

7

the remainder for "pain, suffering, and hardship in [Zerlina's] everyday life that lasted several months." *Id.*; *doc. 5* ¶ 21.  While not definitive proof of what he would likely recover at trial, Plaintiff's highest demand was less than a third of the amount required for diversity jurisdiction.  Further, the evidence suggesting that Zerlina's injuries only lasted several months is convincing that the amount demanded in pre-suit settlement negotiations reflects a reasonable estimate of Plaintiff's claim.  Defendant offers no reasoning, or contradictory evidence, that suggests that Plaintiff's pre-suit settlement demand is not a reasonable estimate of his possible recovery.  Thus, Plaintiff's estimation of his claim is not proof upon which Defendant can assert the amount at issue in this case exceeds $75,000—it is evidence of the opposite.

Because it is neither facially apparent from the pleadings nor supported by any other evidence that the amount in controversy exceeds $75,000, the Court finds that Defendant failed to meet its burden prove the requisite jurisdictional facts and establish this Court's jurisdiction over Plaintiff's claims.  Thus, the Court will remand this case back to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the amount in controversy requirement for establishing federal jurisdiction was not met at the time of removal.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand to State Court (*doc. 5*) is GRANTED.

IT IS FURTHER ORDERED that this case be REMANDED to the Fifth Judicial District Court of Eddy County, New Mexico, Cause Number D-503-CV-2024-00512.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**